**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

JOHNSON OBIEGBU, # 36883-177,

        Petitioner,

v.                                                  ACTION NO. 2:13cv71

J. HOLINGSWORTH,
*Warden, FCI Fort Dix*,

        Respondent.

**UNITED STATES MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2241. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying Petitioner's petition for writ of habeas corpus. Accordingly, the Court also recommends Petitioner's Motion for an Appointment of Counsel (ECF No. 20), Motion For Suppression of Declaration of Ashley Crisson (ECF No. 22), and Motion to Dismiss Respondent's Introduction of Issues Arising Out of FCI-Ft Dix for Lack of Subject Matter Jurisdiction (ECF No. 23) be DISMISSED as moot.

**I. STATEMENT OF THE CASE**

    **A. Background**

On May 30, 2008, Petitioner Johnson Obiegbu ("Obiegbu" or "Petitioner") was sentenced in the United States District Court for the Northern District of Texas, to serve a period

of 97 months of imprisonment and four years of supervised release. Pet'r's Mot. Requesting for Max. 12 Mos. of RRC Placement 4, ECF No. 3. On September 12, 2012, the Unit Team at the Petersburg Federal Correctional Institute recommended Plaintiff for a 270 day placement in a Residential Re-Entry Center ("RRC"). Att. 5 41, ECF No. 16-2. In the recommendation, the Unit Team specifically referenced the factors set forth in 18 U.S.C. § 3621(b), which they are required by law to examine when making an eligibility determination. At the time, Plaintiff had been eligible for an early release date of June 20, 2013, because of his participation in the Residential Drug Abuse Program ("RDAP") at FCI Petersburg. Pet'r's 12 Mos. Mot. 4, ECF No. 3. Due to his expulsion from the substance abuse program on April 15, 2013, his projected release date changed to December 18, 2014. Resp.'s Ans. to Pet. for Writ of Habeas Corpus 2-4, ECF No. 16. On or about November, 2012, Petitioner was approved for 180 days in RRC placement. *Id.* at 4.

Plaintiff filed Administrative Remedy Request 714783 with FCC Petersburg's Warden on December 13, 2012, challenging his approved 180 days, and asking for a full year placement in an RRC program.[1] Resp.'s Ans. to Pet. for Writ of Habeas Corpus 7, ECF No. 16. The Warden denied that request on December 14, 2012. Att. 5 30, ECF No. 16-1. On December 20, 2012, Petitioner appealed the Warden's response to the Mid-Atlantic Regional Office, where it was received on December 31, 2012.[2] Att. 5 27-28, ECF No. 16-1, *see also* Coll Decl. 3, ECF No. 16-1. On or about January 16, 2013, the Regional Office informed Petitioner that the office needed additional time to investigate the claim. Coll Decl. 3, Att. 4 24, ECF No. 16-1.

---

[1] Petitioner filed Administrative Remedy Request 715522 on December 13, 2012, which also challenged the 180 day placement and requested a twelve month placement. Coll Decl. 4, ECF No. 16-1. It was rejected as duplicative, and Petitioner did not pursue it further. *Id.*

[2] Pursuant to 28 C.F.R. § 542.18, a request or appeal is considered filed on the date it is logged in the Administrative Remedy Index.

Petitioner alleges he did not receive this notice until January 25, 2013. Pet'r's Reply Br. 8, ECF No. 21.

On February 7, 2013, Petitioner filed an appeal to the Central Office.[3] Coll Decl. 3, ECF No. 16-1. The request was rejected on February 13, 2013, for failure to comply with administrative remedy procedures, and the Central Office advised Petitioner to wait on the Regional Office's response before appealing again to the Central Office. Coll. Decl. 4, Att. 4 24, ECF No. 16-1. On February 25, 2013, the Regional Office denied Petitioner's appeal. Att. 5 26, ECF No. 16-1. Petitioner alleges he never received the denial of his appeal from the Central Office. Pet'r's Reply Br. 8, ECF No. 21. Petitioner did not re-file an administrative remedy request at the Central Office level. Coll Decl. 4, ECF No. 16-1.

Petitioner filed a Writ of Habeas Corpus and a Motion Requesting for Maximum 12 Months of RRC Placement on February 8, 2013. ECF Nos. 1 & 3. Both challenge the Bureau of Prisons' decision to approve him for RRC placement for only 180 days, and request that he be given the maximum of twelve months placement. *Id*. On April 24, 2013, Petitioner filed a Motion for Leave to File an Amended Complaint, amending his original complaint to reflect his new release date. ECF No. 8. That Motion was granted on May 16, 2013. Partially pursuant to an order to address Petitioner's exhaustion claim issued on July 1, 2013 (ECF No. 12), Respondents filed an Answer to Petition for Writ of Habeas Corpus on August 28, 2013 (ECF No. 16). On September 5, 2013, J. Holingsworth was substituted as Respondent, due to Petitioner's change in residence to FCI Fort Dix. Petitioner filed a Reply Brief to Respondent's Answer (ECF No. 21) on September 27, 2013, the same day he filed a Motion for an

---

[3] Petitioner alleges he filed his appeal to the Central Office on January 21, 2013. Pet'r's Reply Br. 8, ECF No. 21. However, the Date Received marked in the record is February 7, 2013, so the request is considered filed on February 7, 2013. Attachment 4 24, ECF No. 16-1, *see supra* note 2.

Appointment of Counsel (ECF No. 20) and Motion for Suppression of Declaration of Ashley Crisson (ECF No. 22). Petitioner also filed a Motion to Dismiss Respondent's Introduction of Issues Arising Out of FCI-Ft Dix for Lack of Subject Matter Jurisdiction (ECF No. 23) on October 10, 2013, which Respondent responded to on October 24, 2013 (ECF No. 26).[4]

**B. Grounds Alleged**

Petitioner alleges that the Bureau of Prisons ("BOP") staff abused its discretion by failing to conduct an individualized review of his case in order to properly determine his appropriate RRC release dates.[5] *Id*. As relief, Petitioner requests that this Court issue an order to compel the staff of the BOP to "modify, re-determine and approve" him for the maximum allowable twelve months of RRC placement. Pet'r's Reply Br. 2, ECF No. 21.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A. Exhaustion**

The Prison Litigation Reform Act of 1995 (PLRA) requires Petitioner to exhaust all administrative remedies made available to him prior to filing his § 2241 petition in federal court. 42 U.S.C. § 1997e(a); *See also Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citing *Mcart v. United States*, 395 U.S. 185, 193 (1969)). "Exhaustion is an important doctrine in both administrative and habeas law." *Woodford*, 548 U.S. at 88. Prior to seeking judicial relief, an inmate is required to exhaust his administrative remedies. This requirement extends to inmates filing § 2241 petitions. *McClung v. Shearin*, 90 Fed. Appx. 444, 445 (4th Cir. 2004) (per

---

[4] Petitioner filed a similar action regarding the same facts in the District Court for the District of New Jersey, which was dismissed as duplicative on October 1, 2013. *See Obiegbu v. Hollingsworth*, Civil Action No. 13-5576, 2013 WL 550640 (D.N.J. Oct. 1, 2013).

[5] In the original complaint, Petitioner also alleged that his review by the Unit Team occurred too late, depriving him of his opportunity to be reviewed within 17-19 months of his projected release date and thus depriving him of the ability to be considered for the maximum allowable twelve months of RRC placement. Pet'r's 12 Mos. Mot. 5, ECF No. 3. Because Petitioner's release date has been moved to December 18, 2014, and because in later filings, Petitioner neglected to address this issue, this issue is moot.

curiam). An inmate must properly exhaust administrative remedies. Proper exhaustion includes compliance with the agency's deadlines and procedures. *Woodford*, 548 U.S. at 90. An inmate's failure to properly exhaust the administrative grievance process prior to filing his habeas petition will render his claims procedurally defaulted. *McClung*, 90 Fed. Appx. At 445-46. Failure to exhaust may only be excused upon a showing of cause and prejudice. *Id.*

Generally, the exhaustion requirement serves two purposes. First, "[e]xhaustion gives an agency 'an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court,' and it discourages 'disregard of [the agency's] procedures.' Second, exhaustion promotes efficiency." *Woodford*, 548 U.S. at 89 (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)).

In the BOP, administrative remedies are exhausted through an Administrative Remedy Program set forth in 28 C.F.R §§ 542.10-19. The Administrative Remedy Program allows an inmate to seek a formal review of an issue or complaint relating to his confinement. An inmate is first required to attempt to resolve his complaint informally, but if he is unable to, he may file a formal written complaint on the proper form within twenty calendar days of the occurrence on which the complaint is based. 28 C.F.R § 542.14(a). If an inmate is not satisfied with the Warden's response, he may appeal, again using the appropriate form, to the Regional Director within twenty calendar days of the date on which the basis of the appeal occurred. *Id.* If the inmate is not satisfied with the Regional Director's response, he must file an appeal to the General Counsel within thirty days of the date the Regional Director signed the response. 28 C.F.R. § 542.15(a). The regulations further set forth the circumstances under which an appeal may be rejected and when an extension of time may be granted. 28 C.F.R. §§ 542.14, 542.15, 542.17. A request or appeal must be responded to by the Warden or Community Corrections

Manager ("CCM") within 20 calendar days, by the Regional Director within 30 days, and by the General Counsel within 40 days; but if the statutory response period is insufficient to make a decision, the response period can be extended by 20 days for the Warden or CCM, 30 days for the Regional level, or 20 days for the Central Office. 28 C.F.R. § 542.18. Inmates shall be informed of the extension in writing. *Id.* If the inmate does not receive a response within the allotted time (including any time for extension), that inmate may consider the absence of a response a denial at that level. *Id.*

Petitioner has not exhausted his administrative remedies. On January 16, 2013, Petitioner was issued a letter indicating that the Regional Office required more time, which Petitioner alleges he received on January 25, 2013. Regardless, the Regional Office properly followed protocol and issued the letter before the thirty days of investigation time had expired. Petitioner also alleges he filed his appeal to the Central Office on January 21, prior to his alleged date of receipt of extension, and the Central Office has the filing date of that appeal as February 7. Plaintiff, if his allegations are true, also properly followed protocol by filing an appeal after the initial 30 days had expired; however, before he even received a reply from the Central Office, which was issued on February 13, 2013, he filed the instant habeas corpus appeal. At the time of filing this petition, Petitioner had not exhausted his remedies.

Failure to exhaust may only be excused by a showing of cause and prejudice. Petitioner cannot show cause and prejudice; he concedes in his Motion for Requesting Maximum 12 Months of RRC Placement that he did not fully exhaust, and he also offers no evidence that the Central Office would be prejudiced against him. Pet'r's 12 Mos. Mot. 2, ECF No. 3. While he may have believed that he was unlikely to succeed administratively, the Fourth Circuit has held that absent hard proof, an assumption that one will not be successful in administrative review is

not enough to overcome lack of exhaustion. *See Thetford Prop. IV Ltd. P'ship v. U.S. Dep't of Hous. & Urban Dev.*, 907 F.2d 445, 450 (4th Cir. 1990).

Even if Petitioner had not filed his habeas corpus petition prior to the Central Office's first response, he still would not have procedurally exhausted his administrative remedies. Petitioner was informed by the Central Office to stay his appeal to them until he had received a final decision from the Regional Office. The Regional Office made their final determination on February 25, 2013, and Petitioner chose not to pursue an appeal to the Central Office. Petitioner states he did not pursue an appeal to the Central Office because he never received the final determination made by the Regional Office on February 25, 2013, and the Central Office previously instructed him to stay any further appeal until he had received a response from the Regional office; thus, he assumed his appeal was denied at the Central Office level. Pet'r's Reply Br. 8, ECF No. 21. However, the administrative review procedure outlined in 28 C.F.R. § 542.18 details that a lack of response from one level of review is to be understood as a rejection *at that level*. Thus, even if Plaintiff did not receive the Regional Office's rejection of his appeal, he would still have to appeal that rejection to the Central Office in order to exhaust his administrative remedies.

Petitioner has shown that he understands and appreciates the requirement to file at every level in order for there to be exhaustion, having filed seventy-seven administrative remedies since being in BOP custody. Att. 3 15-20, ECF No. 16-1. For these reasons, Petitioner's ground is procedurally barred from review in this Court. *See McKart v. United States*, 395 U.S. 185, 193-95 (1969) (providing that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative process has been exhausted); *Merki v. Sullivan*, 853 F.2d 599, 600-601 (8th Cir. 1988); *Guida v. Nelson*, 603 F.2d 261 (2d Cir. 1979); *Swinson v.*

*U.S. Parole Comm.*, 682 F. Supp. 29 (E.D.N.C. 1988), aff'd, 849 F.2d 606 (4th Cir. 1988) (dismissing a federal prisoner's application for habeas corpus relief for failure to exhaust all available administrative remedies).

**B. Even if Petitioner had exhausted the administrative process, Petitioner fails on the merits.**

The District Courts of West Virginia, a fellow district residing in the Fourth Circuit, have recently held in a number of cases that the exhaustion requirements for habeas corpus petitions are not statutorily but judicially imposed, and thus habeas corpus petitions challenging the execution of a sentence under § 2241 are not statutorily required to adhere to the PLRA standards. *See, e.g., LaRue v. Adams*, No. 1:04-0396, 2006 WL 1674487, *5-*7 (S.D.W. Va. June 12, 2006). Several times, the Northern District of West Virginia has waived exhaustion because a response was filed, the matter was ripe, and it would be a waste of judicial resources to dismiss for failure to exhaust at that point in the litigation. *See Cade v. O'Brien*, Civil Action No. 2:13-CV-45, 2013 WL 5423991, *6 (N.D.W. Va. Sept. 26, 2013); *Murdock v. United States*, Civil Action No. 2:13-CV-44, 2013 WL 5307992, *6 (N.D.W. Va. Sept. 20, 2013); *Talero v. O'Brien*, Civil Action No. 1:11cv169, 2012 WL 1697348 (N.D.W. Va. Apr. 19, 2012). The Eastern District of Virginia has not adopted this interpretation of the exhaustion requirement, and we do not do so here. However, even if the Eastern District were to waive exhaustion because the case was ripe, the petition still fails on the merits.

Two statutes grant the BOP authority to place and transfer prisoners. 18 U.S.C. § 3621(b) authorizes the BOP to designate where a federal inmate will be imprisoned. In making this determination, the BOP considers the following factors:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence –
>     (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>     (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b) (2009). Title 18 U.S.C. § 3624 allows the BOP to grant a federal inmate prerelease custody, which permits him to serve a portion of his federal sentence in home confinement or an RRC. Congress enacted the Second Chance Act in 2008, amending 18 U.S.C. § 3624(c) to read:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c) (effective Apr. 9, 2008). "[I]t is within the sole discretion of the BOP whether to place a prisoner in an RRC, and if so, for how long." *Garrison v. Stansberry*, No. 2:08cv522, 2009 WL 1160115, *4 (E.D. Va. Apr. 29, 2009), *citing Woodall v. Federal Bureau of Prisons*, 432 F.3d 235 (4th Cir. 2005). The BOP can take into consideration any recommendations from a sentencing court, but such a recommendation is not binding. 18 U.S.C. § 3621(b). Because the eligibility for and length of RRC placement are within the sole discretion of the BOP, this Court cannot mandate that Petitioner be given the maximum amount of twelve months. This Court "only has authority to review whether the BOP properly reviewed

Petitioner's case on an individualized basis and followed § 3621(b)'s five factors." *Garrison*, 2009 WL 1160115, at *4.

This Court holds that the BOP properly reviewed Petitioner's case, using the § 3621(b) factors. The Unit Team's assessment makes reference to Petitioner's individual characteristics, and walks through each of the five factors in their "specific release preparation/Pre-natal care needs" section. Att. 5 41, ECF No. 16-2. The Unit Team's analysis addresses each factor on its own, with facts and details specific to Petitioner's situation. *Id*. The statute "does not state which level of the BOP must make the RRC determination based upon the five factors;" thus, even though the BOP granted a different RRC placement period than the Unit Team suggested, § 3621(b) is fulfilled by the fact that the Unit Team addressed Petitioner's factors individually.

Additionally, although the BOP granted Petitioner a shorter period of RRC placement than the Unit Team requested, that does not negate the individualized review Petitioner received at the Unit Team level.[6] The BOP's Residential Reentry Management Branch assesses recommendations from the Unit Teams, but also must take into account "population needs, budgetary issues and bed space resources." Resp.'s Ans. to Pet. for Writ of Habeas Corpus 4, ECF No. 16, *citing* BOP Program Statement 7310.04. The Unit Team performed an individualized analysis, looking at the five factors, for Petitioner, and there is no evidence to suggest that the BOP discounted that individualized analysis in their placement decision. This Court cannot pursue the inquiry further than determining whether the BOP performed an individualized assessment considering the § 3621(b) factors; the Court "lacks the authority to direct the BOP to consider specific characteristics for each prisoner who is reviewed for RRC

---

[6] "[I]t is the Unit Team and the warden who are in a better position to individually consider prisoners for RRC placement, much as a trial court is more able to make findings of fact than an appeals court." *Garrison*, 2009 WL 1160115 at *5.

placement," and "is limited to asking whether the BOP used the five factors and cannot engage in a review of the substantive merits or thoroughness of the BOP's analysis." *Garrison*, 2009 WL 1160115 at *5. Petitioner was assessed for his eligibility to be placed in an RRC, and at the discretion of the BOP, was deemed eligible and given a placement of 180 days. Because the BOP performed an individualized review which looked at the § 3621(b) factors, BOP staff did not abuse their discretion, nor did they deny Petitioner his due process rights.

### III. **RECOMMENDATION**

Based on the foregoing, the Court recommends that Petitioner's petition for writ of habeas corpus be DENIED and DISMISSED. The Court, therefore, further recommends that Petitioner's Motion for an Appointment of Counsel (ECF No. 20), Motion For Suppression of Declaration of Ashley Crisson (ECF No. 22), and Motion to Dismiss Respondent's Introduction of Issues Arising Out of FCI-Ft Dix for Lack of Subject Matter Jurisdiction (ECF No. 23) be DENIED as moot.

### IV. **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

    1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
December 18, 2013

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Johnson Obiegbu #36883-177
Fort Dix
Federal Correctional Institution
Inmate Mail/Parcels
East: P.O. Box 2000 - West: P.O. Box 7000
Fort Dix, NJ 08640

Kent P. Porter, Esq.
United States Attorney's Office
101 W. Main Street, Suite 8000
Norfolk, VA 23510

Fernando Galindo, Clerk

By _____
Deputy Clerk
December /8, 2013